NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL BROADEN,**
*Petitioner*

**v.**

**DEPARTMENT OF TRANSPORTATION,**
*Respondent*

---

2021-2000

---

Petition for review of the Merit Systems Protection Board in No. DE-4324-20-0168-I-2.

---

Decided:  November 17, 2021

---

MICHAEL BROADEN, Denver, CO, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., FRANKLIN E. WHITE, JR.

---

Before REYNA, CLEVENGER, and HUGHES, *Circuit Judges*.

PER CURIAM.

Petitioner, Michael Broaden, an Air Force veteran, appearing pro se, appeals a final decision of the Merit Systems Protection Board denying corrective action with respect to his unsuccessful application for employment as an Air Traffic Control Specialist with the Federal Aviation Administration. Because the MSPB's decision was supported by substantial evidence, and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.

## BACKGROUND

Mr. Broaden, served in the U.S. Air Force beginning in 1997 and was honorably discharged in 2002. In 2011, Mr. Broaden began working for the Federal Aviation Administration ("FAA") in a "Management and Program Analyst" position. On November 15, 2019, Mr. Broaden applied for an advertised position as an Air Traffic Control Specialist (MSS-1, Level 12), Support Specialist, at the Denver Terminal Radar Approach Control.

To be eligible for the position, Mr. Broaden needed to satisfy one of the following three requirements:

1. Must have held an FAA 2152 FG-14 or above regional or headquarters position for at least 1 year (52 weeks);

2. Must have been facility rated or area certified for at least 1 year (52 weeks) in an ATS4 facility; Note: An employee who has been facility rated or area certified for at least 1 year (52 weeks) in an ATS facility that is upgraded is considered to meet qualification requirements of the upgraded position, since he or she has been performing the higher-graded work; or

3. Must have held an MSS position for at least 1 year (52 weeks) in an ATS facility.

Mr. Broaden's application was reviewed and rejected by a Senior Human Resources Specialist with the U.S. Department of Transportation ("DOT"), Susana Meister ("Meister"). After review, Meister decided not to refer Mr. Broaden's application to the Hiring Manager because Mr. Broaden did not satisfy any of the three specified requirements.

On February 20, 2020, Mr. Broaden filed an appeal with the U.S. Merit Systems Protections Board ("MSPB" or "Board") alleging that the DOT violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301–4335) ("USERRA") in the process of not selecting Mr. Broaden for the Air Traffic Control Specialist position. On February 26, 2021, the MSPB issued a decision denying corrective action, finding that Mr. Broaden failed to meet his burden to show that his military service was a substantial or motivating factor in his non-selection. The MSPB also found that the agency proved Mr. Broaden did not meet the requirements for the position, and that those requirements were based on valid non-discriminatory reasons.

As to whether Mr. Broaden showed that his military service was a motivating factor in the relevant employment decision, the Administrative Law Judge ("ALJ") found that the agency did not rely on, take into account, consider, or condition the non-selection on Mr. Broaden's military service. In doing so, the ALJ credited the testimony of Meister, finding that Meister merely applied the requirements, as written, and concluded that Mr. Broaden did not qualify. The ALJ also credited the testimony of Barry Still ("Still"), a witness put forward by the FAA who has over 30 years of experience with the Air Force and FAA, in finding that Meister was correct in her determination that Mr. Broaden did not meet any of the three eligibility requirements. More specifically, the ALJ found that Mr. Broaden did not meet the first eligibility requirement because his highest level of employment was only at the developmental level of

AT-2152-EG; Mr. Broaden did not meet the second eligibility requirement because he was never a facility-rated controller at an ATS facility; and Mr. Broaden did not meet the third eligibility requirement because he never held an MSS position at an ATS facility. The ALJ further found that Mr. Broaden did not prove discriminatory motivation based on circumstantial evidence.

Mr. Broaden timely filed a petition for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

We hold unlawful and set aside an MSPB decision that is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see also Appleberry v. Dep't of Homeland Sec.*, 793 F.3d 1291, 1295 (Fed. Cir. 2015). "Substantial evidence is more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (internal quotation marks and citations omitted). In other words, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shapiro v. Soc. Sec. Admin.*, 800 F.3d 1332, 1336 (Fed. Cir. 2015) (quotation marks and citation omitted). The petitioner bears the burden of establishing error in the MSPB's decision. *Jenkins v. Merit Sys. Prot. Bd.*, 911 F.3d 1370, 1373 (Fed. Cir. 2019) (alteration adopted).

## LEGAL BACKGROUND

USERRA affords various protections to current and former military service members with respect to their employment, and prohibits employers from discriminating against their current or prospective employees because of their military service. 38 U.S.C. § 4311(a) provides in relevant part:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, or obligation.

The individual making a USERRA discrimination claim bears the initial burden of showing, by preponderant evidence, the individual's military service was "a substantial or motivating factor" in the adverse employment action. *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1372 (Fed. Cir. 2016); 38 U.S.C. § 4311(c)(1). If the employee makes the requisite showing, the employer has the opportunity to come forward with evidence to show, by preponderant evidence, the employer would have taken the adverse action anyway, for a valid reason. *Id.*

Military service is a motivating factor for an adverse employment action if the employer "relied on, took into account, considered, or conditioned its decision" on the employee's military service. *McMillan*, 812 F.3d at 1372 (quoting *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009)). Because employers rarely concede an improper motivation for their employment actions, employees may satisfy their burden to establish that their military service or obligation was a motive in the challenged action by submitting evidence from which such a motive may be fairly inferred. *Id.* This analysis requires investigating the *Sheehan* factors: (a) proximity in time between the employee's military activity and the adverse employment action; (b) inconsistencies between the proffered reason and other actions of the employer; (c) an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity; and (d) disparate treatment of certain employees compared

to other employees with similar work records or offenses. *Id.* (citing *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)).

## DISCUSSION

Mr. Broaden contends that the MSPB's decision must be set aside because "the Board's wrongful decision follows from a record that contains no evidence on which its decision could be made." Pet'r's Br. at 15; Pet'r's Reply Br. at 2. We disagree. For example, the ALJ credited the testimony of Meister and Still in finding that Mr. Broaden's military service was not considered in his employment decision, that there are material differences between the type of experience obtained by Mr. Broaden and the responsibilities of the advertised position, and that individuals within the FAA with similar experience to Mr. Broaden would also not qualify for the position. As to the *Sheehan* factors, the ALJ found that (1) the timing did not suggest discrimination because it was 17 years from the time of Mr. Broaden's service to the time of the non-selection, (2) that there were no material discrepancies in testimony that suggested discrimination, and (3) there was no evidence of expressed hostility towards military members. On appeal, Mr. Broaden does not point to a single finding that was not supported by substantial evidence. Accordingly, we determine that the Board determination finding that Mr. Broaden did not satisfy his initial burden to show that his military service was a motivating factor in the FAA's decision not to hire him as an Air Traffic Control Specialist (MSS-1, Level 12), Support Specialist is supported by substantial evidence.

Mr. Broaden also contends that the MSPB's decision must be set aside because the FAA failed to recognize and credit his professional experiences and certifications simply because they were with the Air Force, and not the FAA. Pet'r's Br. at 15–16. Mr. Broaden contends that the position requirements set forth in the advertisement were

discriminatory in that they define experience in terms that discriminate against veterans in favor of individuals who gained flight-related experience with the FAA.  Pet'r's Br. at 9–12.

Generally, agencies have broad discretion to define their own needs.  See, e.g., Savantage Fin. Servs., Inc. v. United States, 595 F.3d 1282, 1286 (Fed. Cir. 2010) (holding that determining an agency's minimum needs "is a matter within the broad discretion of agency officials ... and is not for [the] court to second guess" (citations omitted and alterations in the original)).  Appellant is correct, however, that all employers, including agencies, should carefully evaluate whether any employment requirements are discriminatory against veterans.  See 38 U.S.C. § 4311(a).

Nonetheless, we conclude that the ALJ's finding that the requirements of the advertised position are not discriminatory against veterans is supported by substantial evidence.  For example, Still testified that non-veterans with similar flight-related experience with the FAA also do not meet the requirements for the advertised position.  Still also testified that the requirements of the advertised position are reasonable and related to the duties of the position, independent of whether previous flight traffic experience was civilian or military.

Mr. Broaden's witnesses tried to establish that Mr. Broaden's experience was equivalent to the experience required for the relevant position.  The ALJ, however, found that Still's testimony was far more authoritative and persuasive.  We lack authority to re-evaluate these credibility determinations that are not inherently improbable or discredited by undisputed fact.  *Pope v. United States Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997) (citations omitted).  Thus, we conclude that the MSPB determination that the qualifications of the advertised position were not discriminatory in nature is supported by substantial evidence.

CONCLUSION

We have considered Mr. Broaden's remaining arguments but find them unpersuasive. For the reasons discussed above, and based on the record before us on appeal, we conclude that the MSPB's decision, denying Mr. Broaden's request for corrective action is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. Accordingly, we affirm.

**AFFIRMED**

COSTS

No costs.